UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE GENERAL RETIREMENT SYSTEM
OF THE CITY OF DETROIT, and
THE POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,

       Plaintiffs,                            CASE NO. 13-13255

v.                                          PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

KEVYN D. ORR, in his official capacity as
the EMERGENCY MANAGER OF THE
CITY OF DETROIT, and RICHARD SNYDER,
in his official capacity as the GOVERNOR OF
THE STATE OF MICHIGAN,

       Defendants.
_____/

**OPINION AND ORDER REMANDING THIS CASE TO STATE COURT
FOR LACK OF JURISDICTION/NO CASE OR CONTROVERSY**

This case was transferred to this Court from the Federal District Court for the Western District of Michigan on July 29, 2013. This Opinion begins with a history of this case:

1. On July 17, 2013, Plaintiffs filed a Complaint against Defendants for declaratory relief in the State of Michigan, 30th Judicial Circuit Court in Ingham County. The Defendants are Kevyn D. Orr, in his official capacity as the Emergency Manager of the City of Detroit, and Richard Snyder, in his official capacity as the Governor of the State of Michigan. The Complaint requested that the State Circuit Court judge declare that state legislation and Article IX of the Michigan Constitution prevent the Governor and the Emergency Manager from taking any action to

1

impair the City of Detroit's pension debts.

2. On July 18, 2013 at 4:06 p.m., Defendant Kevyn Orr, in his official capacity as Emergency Manager of the City of Detroit, and Richard Snyder, in his official capacity as Governor of the State of Michigan, filed a Petition for municipal bankruptcy under Chapter IX of the Bankruptcy Code in the Eastern District of Michigan.

3. At 4:25 p.m. on that same date, July 18, 2013, Ingham County Circuit Court Judge Rosemarie E. Aquilina granted Plaintiffs' *ex parte* motion for a temporary restraining order ("TRO") enjoining Defendants from taking any further action that may: (i) cause the accrued financial benefits of the Retirement Systems or their participants from in any way being diminished or impaired as mandated by Article IX, section 24, of the Michigan Constitution; or (ii) otherwise abrogate Article IX, section 24 of the Michigan Constitution.

4. On July 18, 2013, the Ingham County Circuit Court denied Defendants' Request for Order to Stay Enforcement of Temporary Restraining Order.

5. On July 19, 2013, the Ingham County Circuit Court entered an Amended Temporary Restraining Order, and set a hearing date for July 22, 2013 on Plaintiffs' request for a preliminary injunction; the TRO remained in effect.

6. On July 19, 2013, the Ingham County Circuit Court ordered an expedited briefing schedule and reset the hearing for July 24, 2013.

7. On July 21, 2013, Defendant Orr, in his official capacity as Emergency Manager, filed a Notice of Removal to United States District Court for the Western District

of Michigan. Defendant Snyder, in his official capacity as Governor, did <u>not</u> join in the Notice of Removal.

8. On July 22, 2013, Defendant Orr filed a Motion to Transfer Venue to the United States District Court for the Eastern District of Michigan.

9. On July 23, 2013, the Michigan Court of Appeals granted Defendants' motion for a stay pending appeal stating, in pertinent part:

> The circuit court's July 18, 2013 and July 19, 2013 temporary restraining orders and all further proceedings are STAYED pending resolution of this appeal or further order of this Court.

10. On July 23, 2013, the U.S. District Court for the Western District of Michigan ordered that Plaintiffs file a response to Defendant Orr's Motion to Transfer Venue, by July 26, 2013.

11. On July 29, 2013, having received no response from Plaintiffs on the venue transfer motion, the U.S. District Court for the Western District of Michigan ordered a transfer of venue to the Eastern District of Michigan.

This Court notes that Defendant Orr did not notify the Federal District Court for the Western District of Michigan, prior to the July 29, 2013 transfer of venue, that on July 23, 2013, the Michigan Court of Appeals had entered a stay of the Ingham County Circuit Court Judge's TRO orders.

**DISCUSSION**

In *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013), the Supreme Court held that:

> Federal courts have authority to answer . . . questions only if necessary to do so in the course of deciding an actual "case" or "controversy" . . . . For there to be such a case or controversy, it is not enough that the party invoking the power of the court have a

> keen interest in the issue. That party must also have "standing,"
> which requires, among other things, that it have suffered a concrete
> and particularized injury. Because we find that petitioners do not
> have standing, we have no authority to decide this case on the
> merits.

*Id.* at 2659.

In the instant case, Defendant Orr has removed this case to a federal district court. In *Hollingsworth*, the Supreme Court, after reciting that "Article III, § 2 of the Constitution confines the judicial power of federal courts to deciding actual cases or controversies," stated that a "person invoking the power of a federal court must demonstrate standing to do so":

> This requires the litigant to prove that he has suffered a concrete
> and particularized injury that is fairly traceable to the challenged
> conduct, and is likely to be redressed by favorable judicial
> decision.

*Id.* at 2661. The Supreme Court further noted that "Article III demands that 'an actual controversy' persist throughout all stages of litigation." *Id.* at 2661 (citing *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)). Thus, the question is whether there is an actual controversy at this stage of litigation.

In this case, there is no state court order in effect that creates a case or controversy. The Michigan Court of Appeals Order of July 23, 2013, stayed the order of the Ingham County Circuit Court, without date, "pending resolution of the appeal or further order of the Court." Accordingly, there is no concrete or particularized injury impacting Defendant Orr.

In his Statement of Grounds for Removal to Federal Court, Defendant Orr states:

> Judge Aquilina's order purports to prohibit Mr. Orr from
> filing a plan of adjustment in bankruptcy court as authorized
> by 11 U.S.C. § 941.

Notice of Removal to United States District Court. The reality is that Judge Aquilina's order is

stayed, and Defendant Orr is now an active participant in the bankruptcy proceeding, without any court-ordered restraints or restrictions.

Accordingly there are no restrictions in this case that limit Defendant Orr, or indeed even Plaintiffs, from taking any action in other legal proceedings, including a bankruptcy proceeding. Thus, there is no substantive risk that harm will occur to Defendant Orr.

Defendant Orr, who removed this case to the federal courts, "lack[s] Article III standing because [he] cannot demonstrate that the future injury [he] purportedly fear[s] is certainly impending . . .." *Clapper v. Amnesty International*, 133 S. Ct. 1138, 1155 (2013).

Accordingly, this case is Remanded to State Court based upon Lack of Federal Court Jurisdiction/No Case or Controversy.

**SO ORDERED.**


DATED: August 7, 2013
s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2013.

s/Deborah Tofil
Case Manager